UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CAROL HALE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) Civil Action No: SA-08-CA-106-XR |
| | ) |
| JANET NAPOLITANO, Secretary, | ) |
| DEP'T OF HOMELAND SECURITY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

From August 31 to September 11, 2009, a jury trial was held in this case.[1] The jury ultimately found against the Plaintiff on two of the three Title VII retaliation claims asserted against the Defendant. The jury did, however, find that the Defendant retaliated against the Plaintiff by denying her acting group supervisor appointments between December 2004 and June 2006. The jury awarded Plaintiff mental anguish damages in the amount of $10,500.[2] The Defendant has filed a post-trial motion for judgment as a matter of law (docket no. 86) on this issue.

Defendant argues that any denial of an acting group supervisor position was not a material adverse employment action as a matter of law. Defendant argues that Plaintiff did not bring forth any evidence at trial that Plaintiff suffered any monetary losses as a result of any such denials.

---

[1] A more complete recitation of the background in this case can be found at *Hale v. Napolitano*, 2009 WL 1507144 (W.D. Tex. 2009).

[2] The Defendant does not challenge the sufficiency of the evidence regarding the amount of mental anguish damages awarded. The Court notes that Plaintiff and her physician testified in this case, and Plaintiff's medical records were introduced into evidence. The testimony and evidence is clearly sufficient to sustain the jury's verdict. *See e.g.*, *DeCorte v. Jordan*, 497 F.3d 433, 443 (5th Cir. 2007).

1

Indeed, some of Defendant's evidence suggested that the others appointed to acting group supervisor did not receive any increase in pay. Defendant further argues that Plaintiff brought forth no evidence to establish that the denial of these acting group supervisor positions impeded Plaintiff's ability to be awarded promotions to future permanent supervisory positions. Defendant further argues that some of its witnesses testified that not all employees even desired appointment to acting group supervisor positions.

In *Donaldson v. CDB Inc*, 2009 WL 1916466 at *12 (5th Cir. 2009), the Fifth Circuit recently acknowledged the change in law as it applies to Title VII retaliation claims. The old Fifth Circuit approach required a showing of an "ultimate employment decision," such as "hiring, granting leave, discharging, promoting, and compensating" to establish a prima facie retaliation claim. The new approach as established by the Supreme Court in *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006), states that a plaintiff need not show the employer made an "ultimate employment decision"; instead "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 68.

In this case the jury was asked to determine whether denying Plaintiff the acting group supervisor positions "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." The jury answered in the affirmative.

Prior to her filing charges of discrimination and this lawsuit, Plaintiff had on occasions been appointed acting supervisor. The jury was within in its province and had sufficient evidence to find that Plaintiff was later denied these positions between December 2004 and June 2006 in retaliation for her Title VII activity. Defendant responds that upon being denied these acting supervisor

2

positions, Plaintiff herself was not dissuaded from pursuing her charges of discrimination and Title VII activity. That is, however, not the standard. The standard is whether the retaliatory activity "might have dissuaded a reasonable worker from making or supporting a charge of discrimination."

In this case, Plaintiff failed to establish that she suffered any actual damages as a result of these denied positions. Defendant argues that *Burlington Northern* requires that a material injury or harm be established. The Court understands this argument to be an attack on the jury's finding that the denials of the acting group supervisor positions were materially adverse.

There appears to be substantial confusion in the cases following *Burlington Northern*. First, *Burlington Northern* recognizes a difference between Title VII (non-retaliation) cases and retaliation cases brought under Title VII. *See Burlington Northern*, 548 U.S. at 61-67. Accordingly, any reliance by Defendant or any of the cases cited by Defendant on Title VII (non-retaliation) cases is unhelpful. Likewise, any pre-*Burlington Northern* case law is unhelpful.

That said, *Burlington Northern* does state the "antiretaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm." *Id.* at 67. It is far from clear that an emotional injury or mental anguish does not meet this requirement. The Supreme Court, however, also states that its "material adversity" requirement does not "immunize … employee[s] from those petty slights or minor annoyances that often take place at work and that all employees experience." *Id.* at 68.

The Fifth Circuit has concluded that a lower-than-desired performance review is a petty slight as a matter of law. *See Mitchell v. Snow*, 326 Fed. App'x. 852 (5th Cir. 2009); *see also Aryain v. Wal-Mart Stores Texas LP*, 534 F.3d 473 (5th Cir. 2008) (rude treatment by manager and transfer to another department that was not more arduous nor involving any loss of prestige were insufficient

3

to establish material adversity); *Holloway v. Department of Veterans Affairs*, 309 Fed. App'x. 816 (5th Cir. 2009) (one time comment by manager that employee was causing problems by filing an EEO complaint without any evidence of further adverse consequences not material adverse); *Johnson v. TCB Const. Co., Inc.*, 2009 WL 1766519 (5th Cir. 2009) (lateral transfer without any evidence that transfer was burdensome insufficient).

The Fifth Circuit has also concluded that in some instances a jury should decide whether an action is more than petty and trivial and should be considered materially adverse. *See McArdle v. Dell Products, L.P.*, 293 Fed. App'x. 331 (5th Cir. 2008) (applying *Burlington Northern* in an FMLA case and concluding that jury should decide whether the employer's failure to return a large client account to a sales associate upon his return from FMLA leave was retaliatory). This Court concludes that since there was a material fact issue that required that Defendant's summary judgment motion be denied, it was a question for the jury to decide whether the denial of acting group supervisor positions was materially adverse and retaliatory. As stated in *Burlington Northern*, the significance of any given act of retaliation often depends on the circumstances and context matters. *Burlington Northern*, 548 U.S. at 69. The jury in this case evaluated the circumstances and context, and it decided the question favorably to the Plaintiff. There was sufficient evidence for the jury to reach its verdict.[3]

---

[3] Defendant relies upon *Grice v. FMC Technologies, Inc.*, 216 Fed. App'x 401 (5th Cir. 2007) for the argument that a denial of a step-up lead position was not a materially adverse act as a matter of law. *Grice* is not that clear. In *Grice*, the Fifth Circuit found that the district court incorrectly applied the old, pre-*Burlington Northern* standard. It thereafter evaluated Grice's claims under *Burlington Northern*. The Fifth Circuit affirmed summary judgment against the Plaintiff, finding that Plaintiff's claims were either unsupported by the record, trivial, or that Plaintiff failed to establish the necessary nexus for a retaliation claim. Defendant also relies upon *DeHart v. Baker Hughes Oilfield Operations, Inc*., 214 Fed. App'x 437 (5th Cir. 2007). This case is distinguishable. In *DeHart*, the Fifth Circuit found that the written warning administered to the Plaintiff could not have dissuaded a reasonable employee from making or supporting a charge of discrimination because there were "colorable grounds for the warning and a reasonable employee

Defendant's post-trial motion for judgment as a matter of law (docket no. 86) is denied.

It is so ORDERED.

SIGNED this 5th day of October, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

would have understood that a warning under those circumstances was not necessarily indicative of a retaliatory mind-set." *Id.* at 442. In this case, however, there was no evidence proffered by the Defendant as to why in the past it had promoted Plaintiff to acting supervisor positions, but post-Title VII-protected activity, it no longer would promote Plaintiff.