UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

CAROL HALE,                                          )
                                                     )
        Plaintiff,                                   )
                                                     )
VS.                                                  )   Civil Action No:  SA-08-CA-106-XR
                                                     )
JANET NAPOLITANO, Secretary,                         )
DEP'T OF HOMELAND SECURITY,                          )
                                                     )
        Defendant.                                   )

**ORDER**

On this date, the Court considered Plaintiff Carol Hale's Motion for Attorney's Fee and

Costs and to Amend the Final Judgment (docket no. 88), and Defendant's Response in Opposition

thereto.

**I. Background**

Plaintiff Carol Hale filed this lawsuit alleging sex discrimination and retaliation on February

11, 2009. Docket no. 1. On March 31, 2009, Defendant moved for summary judgment. Docket no.

24. This Court issued an order granting in part and denying in part the motion for summary

judgment on May 28, 2009. Docket no. 31. Therein, the Court granted summary judgment on

Plaintiff's hostile work environment and sex discrimination claims. The Court also granted

summary judgment on all but four of Plaintiff's retaliation claims. During trial, the Court granted

a judgment as a matter of law on another of Plaintiff's retaliation claims, but allowed three of

Plaintiff's retaliation claims to be submitted to the jury. These included (1) the denial of a

promotion to GS-14 in March 2006; (2) failure to appoint Plaintiff Acting Group Supervisor

between December 2004 and June 2006; and (3) transfer to the fraud unit in June 2006. The jury

1

found for Plaintiff on one claim, the failure to appoint Plaintiff Acting Group Supervisor, for which

it awarded $10,500, and found for Defendant on the other two.  Plaintiff now moves for attorney's

fees and injunctive relief.

## II. Attorneys' Fees

Title VII permits a court, in its discretion, to award reasonable attorneys' fees to the

prevailing party.  42 U.S.C. § 2000e-5(k) ("In any action or proceeding under this subchapter the

court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee (including expert

fees) as part of the costs, and the ... United States shall be liable for costs the same as a private

person.").  The computation of reasonable attorneys' fees involves a two-step process.  First, a

lodestar amount is calculated by multiplying the number of hours reasonably expended by an

appropriate hourly rate in the community for such work.  After making this calculation, the district

court may decrease or enhance the lodestar based on the relative weights of the relevant factors set

forth in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717-19 (5th Cir. 1974).

## A. The time and labor reasonably required (lodestar calculation)

Plaintiff submits the hours actually billed to Plaintiff by her attorney Malinda Gaul, reduced

by non-legal work and "discounted to be more affordable to Plaintiff."  These reduced hours were

then multiplied by an hourly rate of $200[1]  Further, Plaintiff also submits hours expended by

Michael Latimer, who represented Plaintiff in the administrative proceedings.  Plaintiff states that

"a review of the hours submitted by Michael Latimer, the attorney for the Plaintiff in the

administrative proceeding, reveals that Mr. Latimer did some work for Plaintiff without charging

---

[1] Plaintiff notes that she was represented almost exclusively by one attorney, Malinda Gaul, and thus there is no potential for duplication of efforts, and states that Ms. Gaul has not billed for any nonlegal work.

and at an hourly rate of only $185.00." Plaintiff states that when the reduced hours are multiplied by the reduced rate, what is left is a reasonable request for fees.

Thus, Plaintiff submits: (1) 98.3 hours of work by Malinda Gaul at $200 per hour for trial, for a total of $19,660; (2) 95.6 hours of work by Malinda Gaul at $200 per hour for pretrial work, for a total of $19,120; and (3) 215.63 hours by Michael Latimer at $185 per hour, for a total of $33,072.84 for Mr. Latimer.

Defendant states that it "has no quarrel" with the hours claimed for trial work by Ms. Gaul. With regard to pretrial hours, however, Defendant states that Ms. Gaul does not make clear whether she separately billed Plaintiff for time spent on post-June 2006 claims, which were not a part of this trial, and notes that numerous time entries do not specify the subjects discussed or matters completed.

The lodestar determination is not mechanistic, and the district court's determination of the lodestar amount should not be guided solely by the billing records or the rates requested in the fee petition. *See, e.g.*, *Abrams v. Baylor College of Medicine*, 805 F.2d 528, 536 (5th Cir. 1986). Rather, the district court is required to identify from the fee petition those hours that were "reasonably" expended on the litigation. When making that determination, the district court scrutinizes the billing records carefully and excludes excessive, duplicative, or otherwise unnecessary entries. *See id.* The district court should also consider whether the work performed was "'legal work in the strict sense,' or was merely clerical work that happened to be performed by a lawyer." *Id.*

As noted, there is no dispute regarding the $19,660 sought for Ms. Gaul's trial work. The Court has reviewed those records and the Court finds the hours expended to be reasonable.

Regarding Ms. Gaul's submitted hours for pretrial work, the Court has reviewed the time records and affidavits submitted.  The Court notes that, according to her affidavit, Ms. Gaul has already discounted the hours somewhat when billing, and it is evident that she has further discounted the total by 5.5 hours (the Court presumes that this discounting is to remove work done for Plaintiff that is unrelated to the claims in this trial).  The Court will further reduce the hours by .3 hours, which includes that 10/16/2008 entry for "faxed signature to Judicial Services," the 10/29/2008 entry for "faxed letter to Brin & Brin," and the 11/14/2008 entry for "faxed signature to Judicial Services Record Co."  Thus, the total hours reasonably expended by Ms. Gaul for pretrial work are 95.3, which totals $19,060.  Accordingly, the lodestar amount for Ms. Gaul is $38,720.[2]

---

[2] Regarding Mr. Latimer's hours, Plaintiff states that she included Mr. Latimer's hours because much of what he did in the Administrative Proceeding was used in the litigation.  She states that it was not necessary for her to take any depositions since most of the potential witnesses had given statements or testified in the Administrative Proceeding, that both she and the Agency used the transcript from the Administrative Proceeding during trial, and that Mr. Latimer gave her his files, which contained the investigative file and discovery done in the Administrative Proceeding, thus reducing the need for extensive discovery in the litigation.  Defendant argues that Plaintiff should not recover the $33,072.84 in attorney fees incurred by Mr. Latimer during administrative proceedings, asserting that "[i]t is most significant that Plaintiff did not prevail on a solitary issue after a four-day administrative hearing."  Further, Defendant disputes Ms. Gaul's statement that most of the potential witnesses had given statements or testified in the Administrative Proceeding, stating that eight of the fifteen witnesses who testified on Defendant's behalf had not provided any sworn testimony.  Further, Defendant takes issue with Ms. Gaul's claim that the transcript of the Administrative Proceeding was used at trial, stating that it recalls only one instance during trial when Ms. Gaul attempted to impeach one of Defendant's witnesses with their prior sworn administrative hearing testimony, "and on that occasion, the alleged inconsistent statement by Mr. Robinette was taken out of context."

Courts have held that, in the exercise of discretion, "[a] court is allowed to award attorneys' fees that properly cover work performed in administrative hearings that are prerequisites to federal court action." *Dixon v. Int'l Brotherhood of Police Officers*, 434 F. Supp. 2d 73, 79 (D. Mass. 2006); 45C Am. Jr. 2d Job Discrimination § 2723 ("[P]laintiffs who do not prevail at the administrative stage of Title VII processing, or who prevail in only some of their claims, may be awarded attorneys' fees for both proceedings, if they ultimately prevail in court.")(footnotes omitted).  In this case, Plaintiff did not prevail in the administrative proceedings.  Though some of the work performed and the witness testimony from the administrative proceeding might have been

The lodestar amount is presumed to be reasonable.  However, the Court looks to the *Johnson* factors to determine whether the lodestar amount should be adjusted.

## B.  Whether the lodestar amount should be adjusted

### 1. The novelty and difficulty of the questions

Plaintiff states that the case was not novel, but that all Title VII cases are difficult given the requirement for Plaintiff to "leap over many hurdles."  Further, Plaintiff states that because she is a federal employee, she was subject to a more extensive EEOC administrative proceeding, all of which contributed to the amount of attorney time expended in representing Plaintiff.  Defendant states that the case was not more novel or difficult than an average employment discrimination case.

The Court finds that the case did not involve difficult claims.  There was some novelty with regard to the damages in the case, but this does not require adjustment of the lodestar amount.

### 2. The skill requisite to perform the legal service properly

Plaintiff says this factor requires the trial judge to closely observe the attorney's work product, preparation, and general ability before the court, relying on the judge's expertise as a lawyer and observations from the bench.  Defendant concurs that this factor is best left to the discretion of the Court.  The Court finds that counsel were skilled and able to represent the Plaintiff.

### 3. The preclusion of other employment by the attorney due to acceptance of the case

Ms. Gaul attests that her practice has only two attorneys, creating a challenge of balancing the work being done for current clients with the need to interview and accept new clients.  Ms. Gaul

---

beneficial to the litigation, the Court will not exercise its discretion to award fees associated with the administrative proceeding.  The Court finds that the lodestar amount based on Ms. Gaul's fees is as high as would be appropriate, and thus even if it did award fees for Mr. Latimer, that amount would be eliminated when the Court adjusted the lodestar based upon the results obtained.

states that, "[w]hile the representation of Plaintiff did not totally preclude other employment by the attorney, it limited the time available for other clients," "particularly during trial preparation and trial," such that Ms. Gaul had to ensure that all other matters were current prior to trial and that she had a backlog after the trial.  The Court finds that Plaintiff's counsel was not required to forego other employment due to the acceptance of this case.

### 4. The customary fee

Plaintiff states that the $200 rate charged by Ms. Gaul is below the customary rate and a more reasonable rate would be $350 per hour for non-trial work and $400 per hour for trial work. Defendant does not challenge the hourly rate.  The Court finds that the rate submitted by counsel is reasonable and should not be adjusted.

### 5. Whether the fee is fixed or contingent

Plaintiff and Ms. Gaul contracted for an hourly rate of $200, and Plaintiff timely paid each of the monthly bills, other than the last bill including trial fees, which had not been completely paid at the time the motion was filed.  Plaintiff also paid the hourly rate to Mr. Latimer.  Defendant asserts that this factor does not affect the fee determination.  The Court agrees.

### 6. Time limitations imposed by the client or the circumstances

Plaintiff asserts that priority work that delays the lawyer's other work is entitled to some premium, and that Plaintiff approached Ms. Gaul with less than thirty days remaining to file the lawsuit.  Thus, Plaintiff states, all other matters had to be set aside for a period of time and then the case had to be worked into the attorney's existing schedule.  Plaintiff further asserts that time management for Title VII cases is very important and "often impossible," as no one knows in advance with the EEOC will issue the 90-day right to sue letter or a Magistrate Judge might issue

a recommendation that requires an objection. Defendant asserts that this factor does not warrant a premium. The Court finds that Plaintiff's counsel efficiently and expeditiously moved this case to its resolution, and no time limitations require adjusting the fee.

### 7. The experience, reputation, and ability of the attorneys

Plaintiff states that more experienced attorneys receive larger compensation, and an attorney specializing in civil rights cases may enjoy a higher rate for her expertise. Defendant does not question the experience, reputation, or ability of Plaintiff's counsel, and leaves this factor to the Court's evaluation. The Court finds that Plaintiff's counsel is experienced, enjoys a good reputation in the legal community, and was well able to represent Plaintiff.

### 8. The "undesirability" of the case

Plaintiff's attorney practices employment law, and there was nothing undesirable about the type of case. However, Plaintiff's attorney states that the desirability of the case was affected by the failure to obtain a positive ruling from the Administrative Judge and the potential for further issues with the Defendant. The Court finds that the case was not undesirable.

### 9. The nature and length of the professional relationship with the client

As noted by both sides, this factor does not apply.

### 10. Awards in similar cases

Plaintiff states that the only award she is aware of in the San Antonio area was $300 per hour to Alex Katzman by Bexar County District Judge Joe Brown. Defendant states that this case cannot be used as a comparator because no information is given regarding the amount involved or the results obtained. Defendant asserts that the cases it cites with regard to the recovery factor should be considered more analogous. The Court finds that this factor does not require adjustment of the

lodestar amount.

### 11. The amount involved and the results obtained

In the Final Judgment issued by the Court, the Court directed Plaintiff to "focus on the significance of the overall relief obtained in relation to the hours reasonably expended on the litigation," citing *Abner v. Kansas City S. Ry. Co.*, 541 F.3d 372, 382 (5th Cir. 2008) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)). Plaintiff states that she has read these cases and that "a reduction in attorney's fees is not warranted" under this factor. Plaintiff asserts that, based on a review of the attorney declarations and billing records, the attorney time submitted was expended in furtherance of the results obtained. Plaintiff further asserts that the same facts are common to her causes of action for gender discrimination and retaliation, and that she obtained relief on three of her requests contained in the Complaint: a finding of a violation of Title VII, awarding of compensatory damages, and awarding of attorney's fees and costs.

Defendant asserts that the lodestar should be adjusted downward because Plaintiff achieved only limited success at trial. Defendant argues that Plaintiff's award should be reduced to between $10,500 and $42,000. Defendant notes that Plaintiff originally raised seven claims of sex discrimination and seven claims of retaliation in her complaint, that all of her sex discrimination claims were dismissed on summary judgment, that only four of her retaliation claims proceeded to trial, and of these four, Plaintiff prevailed on only one, while Defendant prevailed "on the most important claim," the promotion to the GS-14 position. Defendant estimates the monetary value of Plaintiff's claims at approximately $355,000, making her $10,500 recovery a mere 3% of the amount sought. Defendant asserts that this case is analogous to *Vela v. Napolitano*, Civ. A. NO. L-050217, 2009 WL 2215096 (S.D. Tex. July 21, 2009), in which the district court reduced the fee request by

40%, given the limited degree of success obtained. Defendant argues that, applying *Vela*, Plaintiff's

fee award would be $43,096.68. Further, applying *Migis*, Defendant argues that the award should

be between $31,500 and $42,000. And, applying *Keeton v. Wal-Mart Stores, Inc.*, 21 F. Supp. 2d

653, 661 (E.D. Tex. 1998), Defendant asserts the award would be $10,500.

The Court finds that the lodestar amount for Ms. Gaul's attorney's fees is not out of

proportion to the result obtained, as it is only slightly over 3.5 times the amount recovered. Further,

as Defendant notes, this amount is within the range suggested by *Vela* and *Migis*. The Court

therefore declines to adjust the lodestar amount.

### III. Injunctive Relief

Because Plaintiff obtained a finding that the retaliation was intentional, Plaintiff states that

she is entitled to amendments to the Final Judgment enjoining and permanently restraining

Defendant from not appointing Plaintiff to the Acting Supervisor positions that become available,

directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's

retaliatory treatment of her, by placing her in the general rotation for the Acting Supervisor

positions.

Defendant states that Plaintiff is not entitled to injunctive relief regarding appointment to

Acting Group Supervisor positions in the future because this issue is the subject of contested

ongoing administrative proceedings, and the Agency has made two such appointments since June

2006. Defendant points out that the jury found retaliation between December 2004 and June 2006,

when Plaintiff was in a different group. She is now in the fraud group, with a different chain of

command. Further, Defendant points out that Plaintiff has been appointed AGS on two separate

occasions in 2008.

The Court declines to award the requested injunctive relief.  The Court is confident that the Agency will abide by the provisions of Title VII in the future.

### IV. Costs

Plaintiff seeks $2,210.51 in costs, and Defendant does not contest the amount sought. Accordingly, the Court awards $2,210.51 in costs.

### Conclusion

Plaintiff's Motion for Attorney's fee and Costs and to Amend the Final Judgment (docket no. 88) is GRANTED IN PART and DENIED IN PART.  The motion to amend the final judgment is DENIED.  The motion for costs is GRANTED and Plaintiff is awarded $2,210.51 in costs.  The Motion for Attorney's Fee is GRANTED IN PART, and Plaintiff is awarded $38,720 in attorney's fees.

It is so ORDERED.

SIGNED this 23rd day of November, 2009.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE